**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WALIDOU DABRE,** | **Civil Action No. 26-6631 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") filed by Petitioner Walidou Dabre, who is presently detained by Immigration and Customs Enforcement ("ICE").  (ECF No. 1).

2.      Petitioner is a citizen of Burkina Faso.  (*Id.* ¶ 1).  He entered the United States in September 2021.  (*Id.*).

3.      He was detained by ICE on July 17, 2025 after reporting for a credible fear interview.  (*Id.* ¶ 20).

4.      An immigration judge denied Petitioner's asylum claim and ordered that Petitioner be removed from the United States.  (*Id.* ¶ 21).  Petitioner appealed, and the Board of Immigration Appeals denied the appeal.  (*Id.*)  The Third Circuit issued a temporary stay of removal "until such time as the Court can consider the motion for stay of removal."  *Walidou Dabre v. Attorney General United States of America*, No. 26-1432 (3rd Cir. filed Feb. 26, 2026).

5.      Petitioner filed a habeas corpus petition on March 2, 2026 alleging that he was being unlawfully detained pursuant to 8 U.S.C. § 1225.  *See Dabre v. Soto*, No. 2:26-cv-2142 (D.N.J.) ("First Petition").

6.      This Court agreed that Petitioner was improperly detained pursuant to § 1225(b)(1) and ordered Respondents to treat Petitioner as detained pursuant to 8 U.S.C. § 1226(a).  (First Petition, ECF No. 7).  This Court further ordered Respondents to provide Petitioner with a bond hearing within 7 days.  (*Id.*)

7.      Respondents filed a letter stating that an immigration judge conducted a bond hearing on March 18, 2026.  (First Petition, ECF No. 8).  The immigration judge denied bond after concluding that Petitioner was a flight risk.  (*Id.*, ECF No. 8-1).

8.      This Court closed the First Petition proceedings on March 25, 2026.  (*Id.*, ECF No. 9).  No further filings were made in the First Petition proceedings.

9.      This Second Petition followed on June 6, 2026.  (ECF No. 1).  Petitioner asserts that his detention has become prolonged in violation of his due process rights.  (*Id.* ¶¶ 60-61, 66-68).  He also asserts that the decision to detain him "lacked the individualized assessment necessary to justify revocation of parole."  (*Id.* ¶ 63).

10.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.     As to Petitioner's challenges to his initial detention, "[r]espondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."  *Zheng v. Rokosky*, No. 26-cv-01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026).

12.     "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ."  *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).  Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"  *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).  "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."  *Id.* at *4.

13.     Petitioner has been detained for approximately 11 months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."  *Borbot*, 906 F.3d at 277.  "Unlike § 1226(c) detainees ... who were detained for prolonged periods without being given any opportunity to apply for release on bond, [petitioner] was granted meaningful process prior to filing his habeas petition."  *Id.* at 279-80.

14.     "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations."  *Onuwa v. Field Off. Dir.*, No. 26-cv-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280).  However, it declined to decide what those circumstances may be.  *Id.*

15.     "Thus, although the Third Circuit's decision suggests that such a claim may be available in an extreme case, even a two year detention period did not in and of itself warrant relief in light of the procedural mechanisms – including bond appeals and bond redeterminations in the immigration courts – available to section 1226(a) detainees."  *Id.*

16.     Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.  He also had a bond hearing a few months ago.  Petitioner's "relatively brief detention since that date without a bond hearing does not violate his due process rights."  *Viantsko v. Lowe*, No. 4:26-cv-0563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026).

17.     This Court concludes that Petitioner has not presented any evidence warranting further relief at this time.[1]

18.     An appropriate order follows.

_____

Hon. Susan D. Wigenton,
United States District Judge
Dated: June 9, 2026

---

[1] This Court notes that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.  8 C.F.R. § 1003.19(e).